IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ALKIVIADES DAVID, FILMON TV LTD, FILMON TV INC., ALKI DAVID PRODUCTION INC., HOLOGRAM USA, SWISSX, § § § § § | | |
| Plaintiffs, § | | |
| v. § | Civil Action No. **3:23-CV-0108-L** | |
| § | | |
| **THOMAS GIRARDI, ESQ,** *et al*., § § § | | |
| Defendants. § | | |

**MEMORANDUM OPINION AND ORDER**

On January 17, 2023, the court ordered Plaintiffs Alkiviades David, Filmon TV Ltd., Filmon TV, Inc., Alki David Production, Inc., Hologram USA, and SwissX (collectively, "Plaintiffs") to cure the deficiencies in their Complaint (Doc. 1) and Emergency Motion for Temporary Restraining Order (Doc. 2), filed on January 13, 2023. In the order (Doc. 5), the court *sua sponte* considered whether this action should be transferred to a California court pursuant to 28 U.S.C. § 1404(a). *See Jarvis Christian College v. Exxon Corp.*, 845 F.2d 523, 528 (5th Cir. 1988) (holding that district court may *sua sponte* transfer action pursuant to 28 USC § 1404(a)). The court then ordered Plaintiffs to comply with the court's Local Rules requiring disclosure of interested parties and related cases, and importantly, to show cause in writing no later than January 24, 2023, as to why this action should not be transferred to a federal district court in California for the convenience of the parties and in the interest of justice. Doc. 5 at 2.

Plaintiffs complied with the court's order, and on January 22, 2023, they filed their Amended Motion for Temporary Restraining Order ("Motion") (Doc. 7), Supplemental Document related to the Motion (Doc. 8), and a Response to the court's order to show cause ("Response")

Memorandum Opinion and Order – 1

(Doc. 9). After careful review of the Motion, Supplemental Document, Response, and Complaint, the court **denies without prejudice** the Motion, and *sua sponte* **transfers** this action pursuant to 28 U.S.C. § 1404(a). Because the Motion (Doc. 7) amended Plaintiffs' previous motions for temporary restraining orders, the court **denies as moot** those two Emergency Motions for Temporary Restraining Order (Docs. 2 and 3).

### I. Amended Motion for Temporary Restraining Order (Doc. 7)

In their Motion, Plaintiffs request that the court enjoin a Los Angeles, California state court from enforcing the collection of judgment debt against Plaintiff Alkiviades David through the execution of a judgment lien on February 7, 2023. Doc. 7 at 1-2. Mr. David requests this court to "prohibit the collections on unlawful debts that are derived from a pattern of fraudulent racketeering activities" conducted through the Superior Court of Los Angeles County, California, in cases "BC654017 Kahn v. Hologram USA, BC643099 Reeves v. Hologram USA, BC649025 Taylor / Jones v. David, BC649025 [sic]." *Id*. Plaintiff alleges that the lien on his property in Malibu, California, is a nullity because it is the product of a judgment obtained by fraud. *Id*. at 3. Specifically, Plaintiff asserts the judgment lien on his home is "one of many" judgment liens that are "predicated on the Elizabeth Taylor and or [sic] Chastity Jones fraud under the Giradi-Keese Enterprise." *Id*. at 12. He argues the judgment liens resulted from those cases in the California state judicial system that contained false allegations of sexual harassment against him. *Id*. at 6-11.

Plaintiffs do not offer facts showing that Mr. David is unable to seek relief from this judgment lien in the California judicial system, despite the court's specific order to do so. Without facts showing that they have petitioned the appropriate state appellate court and sought a stay of the California Superior Court's judgment lien, this court cannot determine that Plaintiffs have attempted to avail themselves of remedies available in the proper state judicial system. Further,

**Memorandum Opinion and Order – 2**

Plaintiffs are not prejudiced from bringing the request for relief in the appropriate courts in California because the imminent injury that they seek to avoid—the judgment lien sale—is scheduled for February 7, 2023, almost two weeks in the future. The court will not interfere with the California state court proceedings and judgments, and for these reasons, the court **denies** the Motion.

## II.     Complaint (Doc. 1) and Response (Doc. 9)

Plaintiffs filed this action against Thomas Girardi, Gloria Allred, Lisa Bloom, Nathan Goldberg, Renee Mochkatel, Dolores Y. Leal, Leah Wilson, Gavin Newsom, Joseph Chora, Allred Maroko & Goldberg, the State Bar of California, Elizabeth Taylor, Mahim Khan, Chastity Jones, Lauren Reeves, Comcast, Inc., and Comcast Ventures, LLC (collectively, "Defendants") on January 13, 2023, alleging RICO claims, and violations of 28 U.S.C. § 1331, the Texas Business and Commerce Code, and 15 U.S.C. § 15(a). Doc. 1 at 1-2. Generally, Plaintiffs allege that Defendants conducted a course of conduct to defraud Plaintiffs by making false allegations of sexual harassment and "colluding with other California based attorneys, private judges, and a select group of non-attorney co-participants [sic] clients." *Id*. at 15. Plaintiffs are seeking monetary damages, including enhanced and punitive damages, and expenses. *Id*. at 40.

Plaintiffs consist of a natural person domiciled in Texas, United Kingdom companies, and Delaware corporations doing business in Texas generally, and a franchise company based in Texas. *Id*. at 7-10. Plaintiffs allege that Defendants are natural persons who are residents of California, a California partnership, a Pennsylvania telecommunications corporation, and a California venture capital firm. *Id*.

A. <u>Applicable Standard for a Section 1404(a) Transfer</u>

With respect to Section 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought." 28 U.S.C. § 1404(a). In applying Section 1404(a), a district court is to first determine "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) (citing *In re Horseshoe Entm't*, 337 F.3d 429, 432 (5th Cir. 2003)). Once this initial determination is made, a district court

> turn[s] to the language of § 1404(a), which speaks to the issue of "the convenience of parties and witnesses" and to the issue of "in the interest of justice." The determination of "convenience" turns on a number of private and public interest factors, none of which [is] given dispositive weight. The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

*In re Volkswagen AG*, 371 F.3d at 203 (citations omitted).

Transfer of venue pursuant to 28 U.S.C. § 1404(a) is at the discretion of the court, considering "'[a]ll relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.'" *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (quoting 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3847 at 370 (1986)).

A plaintiff's choice of forum is entitled to some deference and generally should not be disturbed unless the balance of factors strongly favors the moving party, *see Houston Trial Reports, Inc., v. LRP Publ'ns, Inc.*, 85 F. Supp. 2d 663, 667 (S.D. Tex. 1999); however, a court

**Memorandum Opinion and Order – 4**

may not attribute "decisive weight" to a plaintiff's choice of forum. A "[p]laintiff's choice of forum is clearly a factor to be considered but in and of itself is neither conclusive nor determinative." *In re Horseshoe Entm't*, 337 F.3d at 434.

Here, the events giving rise to this lawsuit occurred in Los Angeles County in California, and the majority of Defendants resides in California. Accordingly, the court determines that this case could have been brought originally in the Western Division of the Central District of California, which encompasses Los Angeles County, California. 28 U.S.C. § 84(c)(2). Having made that initial determination, the court now considers Plaintiffs' argument and the *In re Volkswagen AG* factors to determine if transfer pursuant to Section 1404(a) is warranted.

B. <u>Discussion of the Response's Arguments</u>

In their Response to the court's January 16, 2023 order, Plaintiffs present four arguments that venue under 28 U.S.C. § 1404(a) is proper in the Dallas Division of the Northern District of Texas. Plaintiffs first argue that venue is proper because RICO statutes "are intended to enable a plaintiff to bring before a single court for trial all members of a nationwide RICO conspiracy." Doc. 9 at 2. Plaintiffs assert that one Defendant, Chastity Jones, maintains a residence in Frisco, Texas. *Id*. at 3. The court finds this argument unavailing. Plaintiffs name 17 Defendants, only one of which they allege maintains a residence in Texas. Further, Ms. Jones's Texas residence is in Collin County, which is located within the Sherman Division of the Eastern District of Texas. *See* 28 U.S.C. § 124(c)(3).

Plaintiffs next argue that venue is proper because the Complaint alleges that Ms. Jones conducted affairs, as defined under Section 1965(a), by purchasing a vehicle and investing in a rental car business in Dallas, Texas. Doc. 9 at 4. They argue that Ms. Jones's affairs were funded by money obtained through the fraudulent litigation described in the Complaint, and thus violate

the money laundering statutes under the Texas Penal Code § 34.02. *Id*. at 5-6. These actions, as Plaintiffs contend, satisfy the minimum contact requirement in Texas's long-arm statute.[1] *Id*. In light of the court's consideration herein of the other factors set forth in *In re Volkswagen AG*, the alleged actions that violate Texas law are a fraction of the illegal actions in California brought in the Complaint. The court should not force all California Defendants to defend claims from actions arising in California because one Defendant allegedly invested in a Texas-based business. Thus, this argument does not disturb the other factors that weigh against finding venue proper in this court.

Third, Plaintiffs argue against the court's suggestion that the instant case is similar to their previously filed case in California federal court, *David v. Allred*, 20:2022-cv-05926. Doc. 9 at 8-9. Plaintiffs state that the cases are distinct because the California case was "predicated on civil torts against private attorneys for violations of civil rights, and or [sic] due process rights under the Federal Constitution." *Id*. at 9. Taking Plaintiffs' alleged facts as true, the court finds that the differences in the two cases is no matter to the issue of whether venue is proper. Thus, this argument has no bearing on the court's decision to transfer this case.

Finally, Plaintiffs argue that this case presents a unique circumstance to bring RICO charges against the "Girardi-Keese enterprise" to the "[g]reat state of Texas." *Id*. at 9-10. They appear to argue that justice against this so-called enterprise is unavailable in the state of California due to the corrupt state officials who permit the enterprise to "operate unscathed." *Id*. at 10. Plaintiffs assert that the California State Bar and state judicial system are "intimidated" from holding Defendants accountable for their fraudulent activities. *Id*. at 15.

---

[1] Plaintiffs fail to provide citation to this "Longarm statute," however, such failure is of no moment because the court finds their arguments to show proper venue fail as a whole.

**Memorandum Opinion and Order – 6**

To support their argument, however, Plaintiffs offer evidence of similar claims and proceedings against the "Girardi-Keese Enterprise" in the United States District Court for the Northern District of California (Case No. 3:22-cv-03977). *Id*. at 18. That court, however, similarly found that these claims are properly brought in the federal court in Los Angeles County and transferred the case there because the "case clearly has its center of gravity in the Central District [of California]". *Edelson PC v. David Lira, et al.*, Case No. 22-cv-03977-JSC, December 2, 2022. With this conflicting argument regarding whether a California court can be unbiased in a case with these Defendants, Plaintiffs have not convinced the court to reject the other factors that strongly favor transfer of this case to the California courts. The court will not accept an argument that invalidates the actions of California state officials—including the governor—and the California state and federal judicial system based on mere allegations of a wide-ranging conspiracy to permit fraudulent litigation by the "Girardi-Keese Enterprise."[2] In sum, the court finds all of Plaintiffs' arguments in the Response are without merit.

C. Discussion of the *In re Volkswagen AG* Factors

Having determined that this action could have been originally filed in the Central District of California, the court now considers the eight factors set forth in *In re Volkswagen AG* to determine whether it should be transferred to that division. As the events giving rise to this action occurred in Los Angeles County, California, and Defendants—aside from Ms. Jones's residence in Collin County—reside in California, it is markedly more convenient for Defendants and witnesses to litigate this action in California. The contested judicial actions occurred in Los Angeles County, placing both witnesses and other sources of proof there as well. Plaintiffs'

---

[2] United States District Judge Jacqueline Scott Corley, presiding over the *Edelson* case in the Northern District of California, also rejected the plaintiff's assertion that litigants against the Girardi-Keese enterprise cannot receive a fair trial in courts in southern California as an argument "untethered to the law" regarding venue. *Edelson PC v. David Lira, et al.*, Case No. 22-cv-03977-JSC, December 2, 2022.

**Memorandum Opinion and Order – 7**

allegations regarding the California State Bar's failings also center around witnesses and proof located there. Requiring Defendants and witnesses to travel to Dallas, Texas for trial is both expensive for the parties and makes attendance much more difficult. These convenience factors weigh in favor of transfer. Considering the factors related to public concerns, the State of Texas has little interest in deciding this case based on one Defendant's alleged business activities in this state, and this forum lacks familiarity with the California state judicial proceedings, which are at issue in this lawsuit. These factors also weigh in favor of transfer.

The court has considered each of the eight *Volkswagen* factors, and the majority of these factors clearly warrants a transfer to the Western Division of the Central District of California. From what the court can reasonably ascertain, this case was filed in this district because of the proximity to Plaintiffs' counsel's office in Corinth, Texas. Corinth is located in Denton County, which, although located within the Eastern District of Texas, is adjacent to Dallas County. The location of counsel is "irrelevant and improper for consideration in determining the question of transfer of venue." *In re Horseshoe Entm't*, 337 F.3d at 434.

For these reasons, the court determines that Plaintiffs have not met their burden to show venue is proper in this court, and accordingly, the court, pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice," hereby **transfers** this action to the Western Division of the Central District of California.

### III.    Conclusion

For the reasons herein stated, the court **denies without prejudice** Plaintiffs' Amended Motion for Temporary Restraining Order (Doc. 5). Accordingly, the court **transfers** this action to the Western Division of the Central District of California as the proper venue under 28 U.S.C. § 1404(a). The clerk of the court shall effect the transfer in accordance with the usual procedure.

Because the Motion (Doc. 7) amended Plaintiffs' previous motions for temporary restraining orders, the court **denies as moot** those two Emergency Motions for Temporary Restraining Order (Docs. 2 and 3).

    **It is so ordered** this 27th day of January, 2023.

                                                  Sam A. Lindsay
                                                  United States District Judge